UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:23-cv-0084 KJN P |
| Plaintiff, | |
| v. | ORDER |
| THE ALEG, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se.[1] As discussed below, because the court is unable to determine the nature of plaintiff's claims, his complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

---

[1] Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). However, because the nature of plaintiff's claims are not discernible, the undersigned defers addressing plaintiff's application at this time. Plaintiff is cautioned, however, that if he chooses to proceed with a civil rights complaint under 42 U.S.C. § 1983, the court's filing fee will be imposed even if he is granted leave to proceed in forma pauperis, although plaintiff will be permitted to pay the fee in installments from his inmate trust account. In the alternative, plaintiff may request that this action be dismissed.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

////

Discussion

Plaintiff filed his claims on the court's civil rights complaint form, but states that this court has jurisdiction over this action pursuant to "The ALEG." (ECF No. 1.) Plaintiff also names "The ALEG" as the sole defendant in this action, and also states "ALEG" is the issue involved. (ECF No. 1 at 3.) It is unclear what "ALEG" stands for, if anything. As facts, plaintiff claims he was given a restraining order, placed on informal probation which was dismissed in 2016, while he was sentenced for other criminal acts, referencing his petition for writ of habeas corpus pending in Iseli v. Lynch, No. 2:22-cv-1483 TLN EFB (E.D. Cal.).[2] (ECF No. 1 at 3.) Plaintiff then suggests reviewing discovery as an offer of proof to the court and questions preserved by such civil rights complaint. (Id.) Throughout the rest of plaintiff's complaint, plaintiff merely writes "All of the above," including in the section where he is to set forth the alleged injury for which he seeks recourse herein. (Id.) As relief, plaintiff seeks "the max, and all of the above." (ECF No. 1 at 6.)

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must name an individual as a defendant and provide the defendant's location for service of process. Fed. R. Civ. P. 10. Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation

---

[2] In his pending habeas petition, plaintiff challenges his convictions in the Superior Court of San Joaquin County for murder and attempted murder. Id. However, in the instant complaint, plaintiff refers to vandalism, trespassing, possession of burglar's tools, and traffic tickets. (ECF No. 1 at 3.)

of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff must also identify the specific injury resulting from the alleged constitutional violation, as well as the specific relief he seeks through this action.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The undersigned defers consideration of plaintiff's request for leave to proceed in forma pauperis.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

1 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2       Failure to file an amended complaint in accordance with this order may result in the

3 dismissal of this action.

4 Dated: January 25, 2023

6 /isel0084.14n

                              KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>         Plaintiff,<br><br>    v.<br><br>THE ALEG,<br><br>         Defendant. | No. 2:23-cv-0084 KJN P<br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____          Amended Complaint

                              _____
                              Plaintiff