UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:23-cv-0084 KJN P |
| Plaintiff, | |
| v. | ORDER |
| THE ALEG, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se.[1]  Plaintiff's putative amended complaint, submitted in response to the January 23, 2023 order, is before the court.  As discussed below, plaintiff's amended complaint does not comply with the January 23, 2023 order, and the court remains unable to determine the nature of plaintiff's claims.  In an abundance of caution, plaintiff is granted one final opportunity to file an amended pleading that complies with the court's screening orders.  Failure to do so will result in a recommendation that this action be dismissed.

////

---

[1] Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).  However, because the nature of plaintiff's claims are still not discernible, the undersigned defers addressing plaintiff's application at this time.  Unless plaintiff files a petition for writ of habeas corpus in response to this order, the court will construe this action as bringing a civil rights complaint under 42 U.S.C. § 1983, and the court's filing fee will be imposed even if plaintiff is granted leave to proceed in forma pauperis, although plaintiff will be permitted to pay the fee in installments from his inmate trust account.

1

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Discussion

Plaintiff's putative amended complaint fails to identify the names of the individuals he intends to sue.  He fails to identify the nature of his claims and does not provide any factual allegations to assist the court in determining whether plaintiff can state a cognizable civil rights claim under 42 U.S.C. § 1983.  Plaintiff again suggests reviewing discovery, references a violation of due process which led to "informal probation." (ECF No. 7 at 2.)  However, to the extent plaintiff is attempting to challenge actions taken in criminal proceedings, he must do so through an application for writ of habeas corpus after exhausting his state court remedies.  As plaintiff is aware, he is presently challenging his underlying criminal conviction in his petition for writ of habeas corpus pending in Iseli v. Lynch, No. 2:22-cv-1483 TLN EFB (E.D. Cal.).[2]  If plaintiff is attempting to claim his due process rights were violated during the trial on his underlying conviction, plaintiff should seek leave to amend in his pending habeas case.  Id.

While not entirely clear, it appears plaintiff previously used the term "ALEG" to refer to "allegations." (Id.)  However, if plaintiff wishes to bring a court action to remedy alleged violations of his constitutional rights, he must set forth the facts demonstrating such alleged violations.  Finally, as relief, plaintiff again seeks "the max and all of the above." (Id.)  As plaintiff was previously informed, such request is insufficient.

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

---

[2] In his pending habeas petition, plaintiff challenges his convictions in the Superior Court of San Joaquin County for murder and attempted murder.  Id.

Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must name an individual as a defendant and provide the defendant's location for service of process. Fed. R. Civ. P. 10.

Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the pleading must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff must also identify the specific injury resulting from the alleged constitutional violation, as well as the specific relief he seeks through this action.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original or prior pleading is superseded.

Finally, in order to comply with this court's screening orders, plaintiff must file his amended pleading on the appropriate court form to assist the court in determining what claims plaintiff is attempting to raise: a civil rights complaint under 42 U.S.C. § 1983, or a petition for writ of habeas corpus under 28 U.S.C. § 2254.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The undersigned defers consideration of plaintiff's request for leave to proceed in forma pauperis.

2. Plaintiff's purported amended complaint (ECF No. 7) is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Second Amended Complaint or Petition.

Plaintiff's amended pleading shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended pleading must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint" or "Second Amended Petition."

Failure to file an amended pleading in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/isel0084.14amd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>    Plaintiff,<br><br>    v.<br><br>THE ALEG,<br><br>    Defendant. | No. 2:23-cv-0084 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's orders filed January 25, 2023, and in February, 2023.  Plaintiff must file his amended pleading on the appropriate court form:  a civil rights complaint under 42 U.S.C. § 1983, or a petition for writ of habeas corpus under 28 U.S.C. § 2254.

_____  Second Amended Pleading

DATED:

_____

Plaintiff