UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>    Plaintiff,<br><br>    v.<br><br>THE ALEG,<br><br>    Defendant. | No. 2:23-cv-0084 KJN P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

      By order filed February 28, 2023, plaintiff's amended complaint was dismissed and thirty days leave to file an amended complaint was granted. Plaintiff was ordered to file his amended pleading on the court's form to assist the court in determining what claims plaintiff is attempting to raise herein. (ECF No. 8 at 4.) Thirty days from that date have passed, and plaintiff has not filed an amended complaint on the court's form as required.

      Plaintiff was also advised that if he failed to respond to the court's order by filing a habeas petition, the court would construe his filing as a civil rights complaint and impose the court's filing fee. Plaintiff did not file a habeas petition.

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

On April 19, 2023, plaintiff wrote to the court, listing three of his case numbers, including the instant case number, and claiming that "cause of actions were stated," and requests for relief provided.  (ECF No. 10 at 1.)  Plaintiff added that he would like to have his sentence reduced until his conviction is reversed.  (ECF No. 10 at 2.)  As to the instant case, plaintiff claims he was charged with trespassing, vandalism, possession of burglary tools, but such charges were dropped later during the trial for his current conviction.  (ECF No. 10 at 3.)  Plaintiff claims he suffered pain and suffering as a result of such charges, and as relief, seeks unemployment, and "the max of profits in funds" until his relief for the violation of his due process rights can be decided.  (Id.)  Plaintiff's allegations are confusing because he includes allegations he appears to direct to cases other than the instant case, and asks the court to "apply such topics to Case No. 2:22-cv-01483 EFB (HC), and Case No. 2:22-cv-01933 WBS DMC.  (ECF No. 10 at 4.)  Both of these cases are closed.[1]  In Iseli v. People of the State of California, No. 2:22-cv-1483 (E.D. Cal.), plaintiff challenged his 2019 conviction for first degree murder and attempted murder.  Id. (ECF No. 1, 15-3 at 238).  The petition was denied on March 13, 2023.  Id. (ECF No. 31.)  Plaintiff's civil rights case, Iseli v. State of California, No. 2:22-cv-1933 WB S DMC P (E.D. Cal.), was dismissed for failure to state a claim on March 27, 2023.  Id. (ECF No. 22.)

To the extent plaintiff asks this court to reduce his sentence pending resolution of the two

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

cases identified above, such request is moot in light of the termination of such cases. Moreover, plaintiff is advised that he is unable to obtain such relief through a civil rights action. If plaintiff challenges the fact or duration of his underlying criminal conviction, he must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2254.

In any event, plaintiff's filing does not clarify the nature of any claim he intended to pursue through this civil rights action, and plaintiff failed to file a proposed amended complaint on the court's form in order to address such putative claims. In light of plaintiff's filings in this case as well as his other cases,[2] the undersigned finds it would be futile to grant plaintiff further leave to amend because he does not or cannot comply with the court's orders.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.[3] Such a document should be captioned

---

[2] For example, in his civil rights case No. 2:22-cv-1933 WBS DMC, which is closed, plaintiff filed a purported second amended complaint on the court's form, naming the United States District Court Eastern District of California as the defendant, but alleges violations of his due process rights in connection with his underlying criminal conviction, and seeks reversal of his conviction. Id. (ECF No. 28.)

[3] If plaintiff chooses to file objections, he should limit his filing to the claims and filings in this

3

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 1, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/isel0084.fta

---

action and refrain from including information directed to his other cases.