UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>    Plaintiff,<br><br>    v.<br><br>THE ALEG,<br><br>    Defendant. | No. 2:23-cv-0084 KJM KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On June 1, 2023, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an amended pleading. On June 16, 2023, plaintiff filed objections to the findings and recommendations and claimed that the objections also contained plaintiff's "complaint."[1] (ECF No. 14 at 2.)

However, plaintiff failed to sign his objections. Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Thus, the court is unable to consider plaintiff's objections unless he signs and re-files them.

---

[1] Plaintiff also asks the court to transfer a copy of his complaints "to the Department of justice and the Secretary of Defense with [an] emergency notice – COVID 19 virus." (ECF No. 14 at 2.) Plaintiff is advised that the court does not route or transfer filings for prisoners. Plaintiff's request is denied.

1

1    Moreover, the court notes that to the extent plaintiff views his filing as including a
2  "complaint," plaintiff is mistaken.  Plaintiff was ordered to file his complaint on the court's form
3  to assist the court in determining the nature of his claims.  (ECF No. 8 at 4.)  Plaintiff failed to do
4  so.  In addition, his filing again does not identify or name the individuals he intends to sue.
5  Plaintiff is reminded that he cannot seek release from prison by way of a civil rights complaint
6  under 42 U.S.C. § 1983.

7    In addition, plaintiff mentions that he filed an amended pleading in his other case, Iseli v.
8  State of California, 2:22-cv-1933 WBS DMC P (E.D. Cal.), which he acknowledges is now
9  closed.  (ECF No. 14 at 3.)  In that prior civil rights case, plaintiff also attempted to challenge his
10 2019 conviction, apparently claiming, as he does here, that it was a "false conviction."  Case No.
11 2:22-cv-1933 WBS DMC P (November 21, 2022 Findings and Recommendations) (ECF No. 12
12 at 2).  Plaintiff was advised that he could not file a civil rights complaint challenging such
13 conviction unless the conviction was invalidated on appeal, by habeas petition, or through some
14 similar proceeding.  Id. (ECF No. 12 at 2) (citing see Heck v. Humphrey, 512 U.S. 477, 483-84
15 (1994).  The same is true in this case.

16   In the meantime, plaintiff's petition for writ of habeas corpus challenging the 2019
17 conviction was denied on March 13, 2013.  Therefore, to the extent plaintiff seeks to again
18 challenge his 2019 conviction, he must first move in the United States Court of Appeals for the
19 Ninth Circuit for an order authorizing the district court to consider a successive application.  28
20 U.S.C. § 2244(b)(3).

21   Therefore, plaintiff is provided an opportunity to re-file his objections bearing his
22 signature.  If plaintiff plans to append a proposed amended complaint under 42 U.S.C. § 1983,
23 plaintiff must provide a complaint on the court's § 1983 form and may not challenge his 2019
24 conviction or seek release from state prison.  Both documents must bear plaintiff's signature.
25 Failure to comply with this order will result in an order striking the unsigned objections and the
26 June 1, 2023 findings and recommendations will be routed to the district court for review and
27 adoption.
28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order in which to file signed objections to the June 1, 2023 findings and recommendations; and
2. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: June 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/isel0084.r11+