UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:23-cv-0084 KJM KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| THE ALEG, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On June 1, 2023, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an amended pleading. On June 16, 2023, plaintiff filed objections to the findings and recommendations and claimed that the objections also contained plaintiff's "complaint." (ECF No. 14 at 2.) Plaintiff was granted thirty days to re-submit signed objections. Instead, plaintiff filed a proposed second amended complaint. (ECF No. 16.) On July 24, 2023, plaintiff filed a request for review, and on August 7, 2023, he filed a motion to impeach.

Request for Review

In his request for review, plaintiff asks to "physically attend to properly review" and "deliberate" his requests for relief directly to address such issues verbally if possible. (ECF No. 17.) To the extent plaintiff seeks to physically attend court at this time, such request is denied.

1

All pleadings must be completed in writing so that defendants, and the court, can fairly assess plaintiff's claims. To the extent plaintiff asks the court to review his second amended complaint, such request is granted.

Therefore, the court vacates the prior findings and recommendations and screens the second amended complaint.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

Plaintiff's Second Amended Complaint

Plaintiff names no individual as a defendant, but rather writes "Fact by Discovery" in the defendant section of the pleading. (ECF No. 16 at 1, 2.) In the first claim, plaintiff states he pleads the Fifth Amendment and "cannot be charged for conspiracy or accessory to such violations." (ECF No. 16 at 3.) Plaintiff states he has been convicted of several charges that are currently pending resulting in a prison sentence. He appears to claim that there was insufficient evidence and impeached witnesses. (Id.) In his second claim, plaintiff merely repeats "All related to such matter directly." (ECF No. 16 at 4.) Plaintiff repeats that phrase in his third claim, but also adds "emergency notice – COVID 19 virus." (ECF No. 16 at 5.)

As relief, plaintiff seeks reversal of all convictions and asks that all charges be dropped, and that he be released from prison. (ECF No. 16 at 6.) Plaintiff also seeks a trust fund, a tax write-off, a job, housing, and a number of other physical items. (Id. at 6-7.) [1]

Discussion

As required by prior court orders, plaintiff did file his complaint on the court's form. However, plaintiff again fails to identify or name the individuals he intends to sue. And plaintiff again seeks release from prison and attempts to challenge his prior convictions through a civil rights complaint. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). Plaintiff has previously been informed that he cannot seek release from prison by way of a civil rights complaint under 42 U.S.C. § 1983. (ECF Nos. 8 at 3; 11 at 3.)

Further, during the pendency of this action, plaintiff's petition for writ of habeas corpus challenging the 2019 conviction was denied on March 13, 2023. Iseli v. Lynch, No. 2:22-cv-

---

[1] Plaintiff also appended his signed objections to the findings and recommendations which are disregarded in light of this order vacating same.

1483 TLN EFB (E.D. Cal.).[2] Therefore, to the extent plaintiff seeks to again challenge his 2019 conviction, he must first move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider a successive application. 28 U.S.C. § 2244(b)(3).

For all of the above reasons, the undersigned recommends that plaintiff's second amended complaint be dismissed for failure to state a claim.

No Leave to Amend

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 794 (9th Cir. 2012) (quoting Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004)).

Plaintiff has been provided multiple opportunities to amend his pleading. Despite such opportunities, plaintiff failed to do so. Therefore, the undersigned finds it would be futile to grant plaintiff leave to file a third amended complaint. Rather, the undersigned recommends that this action be dismissed based on plaintiff's repeated failure to state a claim.

Plaintiff's Motion to Impeach

In light of the above recommendations, plaintiff's motion styled "Motion to Impeach" is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The June 1, 2023 findings and recommendations (ECF No. 11) are vacated;

2. Plaintiff's request for review (ECF No. 17) is partially granted; and

3. Plaintiff's motion to impeach (ECF No. 18) is denied without prejudice.

---

[2] In this habeas petition, plaintiff challenged his convictions in the San Joaquin County Superior Court for murder and attempted murder. Id. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

     Further, IT IS RECOMMENDED that plaintiff's second amended complaint be dismissed for failure to state a claim and that this action be dismissed.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 14, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/isel0084.56.ftsc